COMMONWEALTH *vs.* THEODORE L. GRANT.

Middlesex. June 15. — September 28, 1874. COLT & ENDICOTT, JJ., absent.

It is perjury to swear falsely as to any material circumstance which has a legitimate tendency to prove or disprove the fact in issue.

A complaint was made against a woman for larceny from a man. The defence was that the man was her husband. At the trial the man testified that he had not been married to the woman, that he had never represented himself as her husband, that they had never lived together as man and wife, that he had not gone with her to a minister and been married by him, and that he had not entered into an agreement of separation with the woman. On an indictment of the man for perjury, in which the above statements were alleged to have been knowingly falsely made by him, the jury were instructed that if the defendant swore wilfully, falsely and corruptly in relation to any matters set forth in the indictment which were material to the issue whether he was married to the woman, though such matters were only circumstantial, then the defendant was guilty, and that it was not necessary for the jury to find that the defendant was in fact married to the woman, or had gone through the form of a marriage with her. *Held,* that the instructions were correct.

INDICTMENT for perjury. The indictment set forth at length that at a session of the Police Court of Charlestown, on March 6, 1873, one Lydia L. Grant was in due form of law tried under the name of Lydia L. Linnell on a complaint charging her with larceny from one Theodore L. Grant, within the jurisdiction of said Police Court; that at the trial aforesaid said Theodore L. Grant did appear as a witness for the Commonwealth, and then and there was sworn to speak the truth, the whole truth, and nothing but the truth, as such witness; that at and upon said trial of the said Lydia, upon the complaint aforesaid, it then and there became and was a material question and subject of inquiry whether the said Theodore L. Grant was not then or had not been before then, married to the said Lydia; and whether the said Theodore L. Grant had not before then gone through the marriage ceremony with the said Lydia; and whether the said Theodore L. Grant had not represented himself as the husband of the said Lydia; and whether the said Theodore L. Grant and the said Lydia had not before then lived and cohabited together as man and wife; and whether the said Theodore L. Grant and the said Lydia had not before then gone to a minister to-

gether and been married to each other by said minister, and whether the said Theodore L. Grant had not before then entered into an agreement of separation with the said Lydia; that the said Theodore L. Grant being so sworn as aforesaid, in the premises, then and there " as such witness as aforesaid, upon the trial as aforesaid, and whilst it was such material question and subject of inquiry as aforesaid, unlawfully, falsely, knowingly, wilfully and corruptly did depose, swear and give evidence among other things in substance and to the effect following, that is to say: that the said Theodore L. Grant was not then, nor had ever before then been married to the said Lydia; that the said Theodore L. Grant had not before then gone through the marriage ceremony with the said Lydia; that the said Theodore L. Grant had never represented himself as the husband of the said Lydia; that the said Theodore L. Grant and the said Lydia had never before then lived and cohabited together as man and wife; that the said Theodore L. Grant and the said Lydia had not before then gone together to a minister and been married to each other by said minister; and that the said Theodore L. Grant had not before then entered into an agreement of separation with the said Lydia. Whereas in truth and in fact the said Theodore L. Grant, at the time he so deposed and swore as aforesaid, well knew that he was then and for some time before then had been married to the said Lydia; whereas in truth and in fact the said Theodore L. Grant had before then gone through the marriage ceremony with the said Lydia; and whereas in truth and in fact the said Theodore L. Grant had represented himself as the husband of the said Lydia; and whereas in truth and in fact the said Theodore L. Grant and the said Lydia had before then lived and cohabited together as man and wife; and whereas in truth and in fact the said Theodore L. Grant and the said Lydia had before then gone together to a minister and had been married by said minister to each other; and whereas in truth and in fact the said Theodore L. Grant had before then entered into an agreement of separation with the said Lydia, as the said Theodore L. Grant then and there well knew, but the said allegations were so sworn to and given in evidence as aforesaid by the said Theodore L. Grant for the purpose of unlawfully, wickedly and maliciously causing the said Lydia falsely to be convicted on the said complaint charging her with

larceny from the said Theodore L. Grant, and for no other pur-
pose whatever ; " that Grant accordingly committed perjury.

At the trial in the Superior Court, before *Pitman*, J., it ap-
peared that on February 28, 1873, the defendant procured a search-
warrant to search for some articles of personal property alleged to
be in a house occupied by Lydia L. Linnell in Charlestown, and
that the officers made the search and found some small articles of
personal property which the defendant claimed as his property,
and that thereupon one of the officers made a complaint in the
Police Court of said Charlestown charging Lydia with the larceny
of said property ; that the case came on for trial before the justice
of said court, and that the said Lydia L. Linnell set up in defence
that she was the lawful wife of the defendant, and therefore could
not be convicted of the larceny of his property ; that the defend-
ant was called and sworn as a witness for the government at the
trial, and was asked the questions set forth in the indictment, and
made the answers set forth in said indictment.

The only direct evidence of a marriage between the defendant
and said Lydia was a marriage certificate signed by one Henry
Duncan, and the testimony of Lydia that she and said defendant
went to Providence on July 26, 1871, and were there married at
the house of the Rev. Henry Duncan, who gave her said cer-
tificate, and that the defendant caused their marriage to be in-
serted in a Providence daily paper the afternoon of the same day,
which paper she produced ; that they returned to Boston where
they lived together a few days and then removed to the house of
the defendant, where they resided together until September 12,
1872, when they separated and did not live together thereafter.
There was other evidence tending to show that the parties had
been together, and that the defendant had introduced the said
Lydia as his wife before the separation. Lydia swore that she
was not married at any other time or place than at Providence
as aforesaid, and that there never had been any other ceremony
of marriage between them.

The defendant testified that he never went to Providence with
Lydia as alleged, and that no ceremony of marriage was ever per-
formed between him and Lydia, that he had lived with Lydia, but
not as husband and wife; and it was admitted by the district at
torney that the certificate produced was not a genuine certificate

but was made by a man named Henry Duncan who resided in Chelsea or Charlestown. It appeared that the defendant could neither read nor write. It also appeared by his own testimony that he had a wife living in Boston to whom he was married more than twenty years ago.

The defendant asked the court to instruct the jury as follows : **1.** Unless the jury find that the parties were actually married or went through the form of marriage before some person supposed to be authorized to perform the marriage ceremony, this indictment cannot be maintained.

2. If the defendant had a lawful wife living other than Lydia Linnell, this indictment cannot be maintained.

3. The other allegations of perjury contained in the indictment are not material to the issue before the Police Court, if in point of fact the defendant and Lydia Linnell were not married or had not gone through the form of marriage.

The court declined to give any of the instructions asked for, but instructed the jury as follows : " That it was admitted that in the trial upon which the alleged perjury was charged to have been committed it was a material question whether the defendant was married to Lydia Linnell; that if the defendant then swore wilfully, falsely and corruptly as set forth in the indictment in relation to any matters therein assigned which were material to this issue, — that is, which tended to prove the marriage, though such matters were only circumstantial, — then he was guilty ; that it was not necessary for the jury to find that the defendant was in fact married to, or had gone through with the form of marriage with said Linnell, if he had sworn falsely as aforesaid in relation to matters material in the consideration of such question of marriage at said trial."

The jury returned a verdict of guilty, and the defendant alleged exceptions to the rulings and refusals of the court.

*G. A. Morse*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

DEVENS, J. The request made by the defendant was properly declined by the presiding judge. A party not only commits perjury by swearing falsely and corruptly as to the fact which is immediately in issue, but also by so doing as to material circumstances which have a legitimate tendency to prove or disprove

such fact.    He cannot in the latter case exonerate himself from the offence, because, while the circumstances to which he thus swore did not exist, the fact sought to be established by them did exist.  Even if the defendant was not married to Linnell, if he corruptly and falsely swore that he had not so represented, that he had not lived with her as his wife and had not made an agreement of separation from her, this testimony was material in the decision of the issue as presented to the Police Court, and might therefore be properly included in the assignments of perjury contained in the indictment.    The offence of the defendant consisted in making false statements intended to corrupt the administration of justice, by inducing the magistrate to render a decision based thereupon, and it is not the less an offence because the decision was in fact correct.                    *Exceptions overruled.*