| 7 | 375 |
| 30 | 286 |
| 30 | 692 |

## B. F. BRADBERRY *v.* THE STATE.

1. PERJURY. — INDICTMENTS for perjury are sufficient in substance, under the Code of this State, if the essential constituents of the offence are alleged in plain and intelligible words. They need not conform to common-law requirements or precedents.

2. SAME. — Though an indictment for perjury must show that the oath or affirmation was administered by a tribunal or officer lawfully authorized to administer it, yet it need not aver the means whereby the authority was acquired, — as, for.instance, the election, qualification, or commission of a justice of the peace. It is sufficient to aver that the official who administered the oath or affirmation was a justice of the peace, having authority to administer oaths.

3. COUNTY ATTORNEYS have authority, by an act of 1876, to administer oaths to complaints cognizable by justices of the peace, as well as to complaints or affidavits made as bases for informations in the County Courts.

4. PERJURY may consist not only in false and corrupt testimony relative to the main fact immediately at issue, but also in such testimony relative to material circumstances which tend to prove that issue, and irrespective of the truth or falsity of the main fact at issue.

APPEAL from the District Court of Hunt. Tried below before the Hon. G. J. CLARK.

The opinion discloses the case. The jury found the appellant guilty, and assessed his punishment at five years in the penitentiary.

*E. W. Terhune*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J.   We are of opinion that the indictment for perjury as set out in the record is good under our Code and the previous decisions of our courts.   The authorities relied upon by counsel in support of his motions to quash and in arrest of judgment .have been passed upon by our Supreme Court in connection with questions similar to those presented here, and have been held unauthoritative in this State.

In *Allen* v. *The State* it was said : " The averments introductory to the statement of the false testimony, and those which are incidental and collateral to it, — such, for instance, as refer to the tribunal in which the false testimony was given, and its authority to administer the oath, the nature of the proceeding pending before it, and its jurisdiction on the same, — are not, it is true, set forth in the indictment with that particularity of detail which was common in the English courts prior to the statute of 23 Geo. II., c. 11, and in some of the American courts where this or a similar statute is not 'in force.   *The State* v. *Gallimore*, 2 Ired. 372 ; *Lodge* v. *The Commonwealth*, 2 Gratt. 579. This particularity of statement, however, in regard to introductory matters, by way of predicate for the averment of the facts which constitute the offence, has not been customary in indictments of this kind in our courts, even before the adoption of the Code, since which all that is required in charging the offence is that it be set forth in plain and intelligible words ; the obvious import of which is, if each of the essential constituents of the offence as defined by the Code are alleged in plain and intelligible words in the indictment, it is sufficient."   42 Texas, 12.

Nor was it necessary that the indictment should have alleged more, with regard to the officer who administered the oath under which the perjury is charged to have been committed, than that he was a justice of the peace, having authority to administer oaths ; it is not necessary to set out the various facts which conferred the authority, such as his

election, qualification, commission, etc. *Stewart* v. *The State*, 6 Texas Ct. App. 184.

One of the principal errors complained of is that the affidavit or complaint upon which the trial was had wherein the perjury is averred to have been committed was no affidavit in fact, and that the whole proceeding was therefore a nullity. This affidavit was made before the county attorney, and it is insisted that under the statute that officer is not invested with authority to take an affidavit or complaint under oath administered by himself, except in cases where the same is to be used by him as the basis for and in connection with an information charging the offence.

Such is not our understanding of the law. "Upon complaint being made before the county attorney that an offence has been committed which the County Court or a justice of the peace has jurisdiction to try, it shall be the duty of the county attorney to reduce the complaint to writing, and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by the county attorney." Gen. Laws 15th Leg., p. 87, sect. 13. And the next section expressly provides that "the complaint specified in sect. 13 of this act may be made before any judge of the County Court, county attorney, or justice of the peace; and for the purpose of carrying out the provisions of this act, the county attorney is hereby authorized to administer an oath." Sect. 14. There can be no doubt as to the authority here conferred to administer the oath, and that an affidavit made before and attested by this officer is legal and valid. Shall it be said that a legal and valid affidavit becomes null and void simply because it is not used as the basis for an information, and that it cannot be used for the same purpose and to the same extent that any other valid affidavit can? Justices of the peace are required to try complaints made before them or any other officer authorized by law to administer oaths. Acts 15th Leg., p. 165, sect. 29; p. 167, sect. 35. The objection taken to the affidavit in this instance is untenable.

At the time the perjury is charged to have been committed, one Morgan was being tried upon complaint before a justice of the peace for unlawfully carrying a pistol on the 7th of December, 1878, between the toll-bridge on the Sabine River and the residence of Henry Walls on the Greenville and Sulphur Springs road. Appellant Bradberry had sworn that he was with Morgan at the time and place indicated, and that Morgan had no pistol. On the present trial, Morgan was, over objection of defendant, made to answer if he had not on that same evening fired a pistol within about one hundred and fifty or two hundred yards of the widow Holtman's house. The objection was that the evidence was irrelevant and immaterial; and if it was sought for the purpose of contradicting the witness, then it could not be used to subserve such a purpose, as the matter inquired about was collateral and foreign to the issue being tried.

Such is not our view of the evidence. It was pertinent to the issue, which was whether Morgan had a pistol at the time and on the occasion charged; and it was a part of the transaction, because the evidence shows that the two shots fired at Mrs. Holtman's were fired but a short distance from and but a short time after he had fired the shot in the Sabine bottom, about which the prosecution arose, and the fact tended strongly to prove and support the charge that he did have a pistol at the time and place indicated, — that fact having been deposed to by witnesses previously examined, — and tended in the same manner to falsify the evidence of defendant before the justice of the peace, which was assigned as perjury.

A party not only commits perjury by swearing falsely and corruptly as to the fact which is immediately in issue, but also in swearing falsely and corruptly as to material circumstances tending to prove or disprove such fact; and this without reference to the question whether such fact does or does not exist. It is as much perjury to establish the truth by false testimony as to maintain a falsehood by such testi-

mony, and the fact that the former may lead to a correct decision is immaterial.  *The Commonwealth* v. *Grant*, 116 Mass. 17 ; 1 Hawley's Am. Cr. Law, 500.  We see no error in the ruling of the court in this regard.

There are several objections urged to the charge of the court, some of which are already answered in the views above expressed ; and as to the remainder, they are in our opinion untenable.  As a whole, the charge is unobjectionable, and no error was committed in refusing the special instructions asked for defendant.  No sufficient reason is shown for a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*