[Crim. No. 24.   Second Appellate District—February 9, 1906.]

## THE PEOPLE, Respondent, v. FRANK SMITH, Appellant.

CRIMINAL LAW—PERJURY—CORROBORATING EVIDENCE.—On a prosecution for burglary, in which an acquittal was had, the defendant testified that on and during the entire night of the burglary, one Lopez was with him at his ranch house, at a distance of thirteen miles from the place of the burglary. In a subsequent prosecution for perjury in so testifying, Lopez testified that this evidence of the defendant was false, other witnesses testified to having seen Lopez on the afternoon preceding and on the morning succeeding the night of the burglary at other places, but their testimony was not inconsistent with the fact that during the night of the burglary he might have been at the defendant's ranch house. *Held,* that the direct evidence of the witness Lopez of the perjury was not sufficiently sustained by corroborating evidence, within the requirements of section 1968 of the Code of Civil Procedure, to warrant a conviction.

APPEAL from a judgment of the Superior Court of Kings County, and from an order refusing a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

M. E. Power, E. T. Cosper, and Hannah & Miller, for Appellant.

U. S. Webb, Attorney General, J. C. Daly, Deputy Attorney General, and H. Scott Jacobs, District Attorney, for Respondent.

SMITH, J.—The defendant was convicted of the crime of perjury, and appeals from the judgment, and from the order denying his motion for a new trial.

The defendant had been tried and acquitted of the crime of burglary, and the present charge relates to his testimony on that trial—the language charged to be false being: "That one Vincent Lopez was at the ranch house of said Frank Smith, the defendant in the said above-mentioned case and the defendant herein, about thirteen miles south of the town of Angiola in the county of Tulare, state of California, the place of the burglary, on Thursday night, the tenth day of November, 1904, and that the said Vincent Lopez remained at said ranch house all night the night of said November 10, 1904, and did not leave said ranch house until the next morning, November 11, 1904, and that said Vincent Lopez played cards with said Frank Smith and one Steve Rias on the said night of November 10, 1904, at said ranch house." This evidence was on the former trial supported by the testimony of Lopez and Rias; but after the trial Lopez was arrested on the charge of perjury in his evidence at the trial of the burglary case, and on the present trial testifies that his evidence and that of the defendant was false.

Lopez's testimony is the only direct evidence of the crime charged, and to support the conviction it was necessary for the prosecution to sustain it by corroborating evidence. (Code Civ. Proc., sec. 1968.) This, it is claimed by the defendant, it failed to do, and this contention, we think, must be sustained. The testimony relied upon for this purpose by the prosecution was that of Roberts, the two Valencias and one

Hugh Wilson. Roberts testified that he thinks he saw Lopez on the 10th of November at the Smyrna camp, which was about five or six miles from the defendant's house. Ross Valencia testified that he saw Lopez at the camp between 3 and 4 o'clock P. M., of the 10th, or about sundown, and that he did not see him afterward; but he also testified, in answer to a leading question, that he saw him "after dark that night." Abe Valencia testified that he saw Lopez at the camp about 3 or 4 o'clock of that day. Each of these witnesses admits that Lopez could have left the Smyrna camp and not have come back until the next morning. Wilson testified that he met Lopez about a mile east of the Smyrna camp at about half-past 5 o'clock on the morning of the 11th. But none of this testimony is inconsistent with the alleged false testimony of Smith, and it is therefore manifest that it has no tendency in itself "to connect the defendant with the commission of the offense" charged. (Pen. Code, sec. 1111.) It is, indeed, argued for the prosecution that the testimony of Ross Valencia and of Wilson tends to show the falsity of other testimony of the defendant upon the burglary trial. But this we do not think to be true of Valencia's testimony; and with regard to Wilson's, though it seems to be incompatible with certain testimony of the defendant on the burglary trial, in which he testified that Lopez left his ranch on the 11th about 10 o'clock, yet the discrepancy is not of a very serious character, and assuming it to be otherwise, it cannot be regarded as corroborating the testimony of Lopez as to the statements of Smith constituting the alleged perjury. Nor could it be expected of the latter that he would come prepared to prove the truth of his testimony on a former trial in a matter not charged to be false.

We are of the opinion, therefore, that the judgment and order appealed from must be reversed; and it is so ordered.

Gray, P. J., and Allen, J., concurred.