[Crim. No. 577. Third Appellate District.—January 26, 1922.]

THE PEOPLE, Respondent, v. J. W. PHILLIPS, Appellant.

[1] CRIMINAL LAW — PERJURY — FALSE TESTIMONY IN DAMAGE ACTION—MATERIALITY.—False testimony given by the husband in an action for damages for personal injuries to the wife on the material issue as whether she was able to perform her household duties after the accident in which the injuries were received forms a sufficient basis for a charge of perjury.

[2] ID.—RULE AS TO MATERIALITY OF TESTIMONY.—The matter sworn to need not be directly and immediately material, but it is sufficient if it be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact by giving weight or probability to the testimony of a witness testifying thereto, or otherwise.

[3] ID.—PERJURY OF HUSBAND—ACTION FOR PERSONAL INJURIES TO WIFE—EVIDENCE—NEGATION OF TESTIMONY.—In a prosecution of a husband for false testimony given in an action for personal injuries to the wife on the issue as to whether the plaintiff was able to perform her domestic duties after the injuries, the prosecution was not required to prove that the wife did not actually need a nurse.

[4] ID.—INSTRUCTION—READING OF INDICTMENT.—Where in a prosecution for perjury the jury was specifically instructed that the indictment did not constitute any evidence of guilt and that no juror should permit himself to be influenced by it, it was not error to read the indictment in an instruction stating the charge.

1. Indictments for perjury, note, 124 Am. St. Rep. 654.

[5] ID.—MATERIALITY OF TESTIMONY—DETERMINATION UNAFFECTED BY INSTRUCTION.—In a prosecution for perjury, the reading of the indictment in an instruction is not to be taken as having the effect of leaving to the jury the determination of the materiality of the alleged perjurious matter.

[6] ID.—BELIEF IN NONEXISTENT FACT — KNOWLEDGE OF NONEXISTENCE — FALSE TESTIMONY.—If a witness swears willfully and falsely to a belief in the existence of a fact which does not exist and which he knows does not exist, his testimony may be made the basis of a prosecution for perjury.

[7] ID.—EVIDENCE—PROOF OF CRIME.—Perjury must be proved by the testimony of two witnesses or one witness and corroborating circumstances.

[8] ID.—INSUFFICIENCY OF EVIDENCE.—In this prosecution for perjury, there was not a sufficient corroboration of the charge in view of the admissions made by the main witness for the prosecution, which made her an accomplice.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. C. P. Vicini, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Frank L. Gafney, H. T. Hiatt and Charles B. Harris for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendant was convicted of perjury and he appeals from the judgment and order denying his motion for a new trial. The basis for the charge in the indictment is that upon the trial in the superior court of an action to recover for injuries caused to his wife in an automobile accident he testified falsely as follows: "Did you have a nurse for your wife after the accident? A. Yes, a nurse girl to assist in the housework, and took care of my wife. Q. How much did you pay her. A. I think it was $108."

7. Number of witnesses and corroborative evidence necessary to support conviction for perjury, notes, 6 Ann. Cas. 812; 15 A. L. R. 634.

[1] We can see no merit in the claim that said testimony was not material to any issue in said action for damages.

In the complaint in said civil action, after setting out specifically certain injuries received by the wife, plaintiffs alleged "that by reason of said injuries to said plaintiff, Alice D. Phillips has undergone and now undergoes and will in the future undergo great physical pain and agonies, and great mental suffering, and was unable to perform her household duties for about two months." In the answer "defendants deny, that by reason of said or any injuries to said plaintiff, Alice D. Phillips, she has undergone or will undergo in the future, great or any physical pain and agony or agonies, and great or any mental suffering; deny that plaintiff was unable to perform her household duties for about two months, or for any other time or at all."

Whether she was able to perform said duties became, therefore, a material and very important issue in the trial of the action for damages. Any fact or circumstance tending to establish that issue in favor of either party would be admissible. While the fact that the wife had a person to nurse her and to assist in the housework would not prove directly that said plaintiff was unable to do her housework, yet it would be a circumstance calculated to render it probable that she needed such assistance. In other words, from the employment of a nurse and assistant it would be a reasonable inference that her physical condition was such as to require it. It seems clear that the testimony related to a matter that might have an important bearing upon the verdict of the jury and could furnish the ground for a charge of perjury.

[2] Of course, it is well settled that "the matter sworn to need not be directly and immediately material. It is sufficient if it be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact by giving weight or probability to the testimony of a witness testifying thereto, or otherwise." (22 Am. & Eng. Ency. of Law, 687; *People* v. *Senegram,* 27 Cal. App. 303 [149 Pac. 786]; *People* v. *Barry,* 63 Cal. 63; *In re Braynard (Ex parte Davis),* 52 Cal. App. 631 [199 Pac. 576].)

[3] Nor do we perceive any merit in the claim that the prosecution, in order to negative such testimony, was required to prove that the wife did not actually need a nurse. In that respect a difference exists between perjury relating

directly and that relating indirectly to an issue. If the alleged perjurious testimony had been that his wife needed a nurse, then appellant's contention would be sound. But the charge being based upon a collateral fact, and it being material to the main issue, it is sufficient to prove the testimony false, although it might be impossible to prove the main issue to be contrary to the claim of appellant. As to the issue in the civil action the inquiry here extends no further than to ascertain whether the testimony would have a tendency to support either party's position. "A party not only commits perjury by swearing falsely and corruptly as to the fact which is immediately in issue, but also by so doing as to material circumstances which have a legitimate tendency to prove or disprove such fact," and it is no defense that while the circumstances to which he thus swears do not exist, the fact sought to be established by them does exist. (*Commonwealth* v. *Grant,* 116 Mass. 17.)

[4] The court assuredly committed no error in instructing the jury as follows: "The defendant at the bar of the court, J. W. Phillips, is accused by the Grand Jury of the county of Sacramento, by an indictment filed in this court of the crime of felony, to wit, perjury, alleged to have beeen committed in the manner following," reading the language of the indictment. The court therein did not intimate that the defendant was guilty of the charge. The fact is that the court specifically instructed the jury "that the indictment does not constitute any evidence of guilt of the defendant and the court instructs the jury that no juror should permit himself or herself to be in any degree or to any extent whatever influenced by it."

[5] Nor is there any force in the claim that by said instruction the court left it to the jury to determine whether the alleged perjurious matter was material. Appellant is right in the assertion that "the question of materiality is always one for the court to determine and not the jury." (*People* v. *Senegram, supra.*) The trial court recognized the rule, and withdrew from the jury the determination of the question, by instructing them that if they found all the other elements of the charge to be true beyond a reasonable doubt, they must find the defendant guilty. Moreover, during the trial the trial judge stated: "The question of materiality is a question of law and the jury is not concerned

with that. The jury hasn't anything to do with the materiality of the evidence. That is a question of law, whether or not it is material; it is a question of law, the jury has nothing to do with it." The jury certainly needed no further instruction upon the subject. But even if the jury had been instructed to determine the materiality of the testimony it is difficult to see how the defendant would have been prejudiced, since it must be held that the testimony was actually material.

Appellant finds fault with this instruction: "If you find from the evidence beyond a reasonable doubt that the defendant, at the time and place mentioned in the indictment was sworn as a witness in the cause of J. W. Phillips and Alice D. Phillips vs. John H. Wheeler and E. H. Wheeler hereinbefore mentioned; that said cause was then and there pending and on trial and at issue in the said superior court of the county of Sacramento as set forth in the indictment; that said defendant was sworn as such witness by the officer therein mentioned and acting in the capacity as set forth in said indictment, and was then and there sworn to tell the truth, the whole truth and nothing but the truth; and if you further find from the evidence that he, the said defendant, did then and there testify and declare among other things as follows:

" 'Question: Did you have a nurse for your wife after the accident? Answer: Yes, a nurse girl to assist in the housework and took care of my wife.

" 'Question: How much did you pay her? Answer: I think it was $108.'

"And if you are further convinced from the evidence beyond all reasonable doubt that such answers were not true but were then and there false and untrue, and that the defendant at the time of making the same knew such answers to be false, and that he made such answers willfully for the purpose and with the intent to deceive and mislead the court in said cause, and to induce the court and judge thereof to render judgment in favor of himself and against the plaintiffs in said action, then the defendant is guilty of perjury and you should render your verdict accordingly." The objection is "that the allegations with reference to the amount paid to Lillian Robinson were not positive or absolute, but, on the contrary, were given only according to his

recollection and belief. The law does not authorize or warrant a conviction of the charge of perjury where a person swears to a thing according to his belief or as he remembers and so states.'' It is to be observed, however, that the assignment of perjury in the indictment is directed to each of the answers given by appellant, and, hence, it follows that the charge as to the testimony in reference to the payment of the nurse may be ignored if the charge is sustained as to the other answer. (*People* v. *Senegram, supra.*) Therein it is said that since the indictment "alleges that *each* and *every one of the answers* was false it must be deemed sufficient as a separate and distinct assignment of perjury based upon each answer sworn to by defendant.'' It may be added that the court, on request of the defendant, instructed the jury "that if the testimony given by the defendant in the action of J. W. Phillips and Alice D. Phillips vs. John H. Wheeler and E. H. Wheeler referred to in the indictment, purports to be given only according to his recollection and not absolutely, then he cannot be convicted of the crime of perjury. It is the law that one who swears to a thing according to his belief or as he remembers and so states, cannot be found guilty of the crime of perjury.''

[6] But the rule as thus stated needs some qualification. If a witness swears willfully and falsely to a belief in the existence of a fact which does not exist and which he knows does not exist his testimony may be made the basis of a prosecution for perjury. Herein, if appellant did not pay any money to a nurse he could not *believe* that he did. It is only where it is possible to have a belief contrary to the fact that such belief may not be assigned as perjurious. In Wharton's Criminal Law, eleventh edition, section 1510, it is said: "Hence it is held a good assignment of perjury that the defendant swore that he 'thought' or 'believed' a certain fact, whereas in truth and fact he 'thought' or 'believed' the contrary, and had no probable grounds for what he swore.'' The fact is that when said testimony of appellant is fairly considered it is to be understood as implying a doubt as to the *amount* he paid and not as to the *fact* that he did pay the nurse for her services as such. His testimony is equivalent to the declaration: "I paid the nurse and I believe the amount was $108.'' From such testimony the inference would arise, of course, that such nurse was employed, and thus a case of

perjury might be made out. Indeed, it was clearly the intention of the witness by said statement to confirm his previous declaration that such employment did exist and said instruction was hardly applicable to the case, but appellant does not and cannot complain of it.

[7] Appellant contends that Lillian Robinson, the alleged nurse, was an accomplice, and no conviction can be sustained because she was not corroborated. This theory that she was an accomplice seems not to have been presented in the court below. However, as to corroboration it can make no difference, as the rule in case of perjury requires that it must be proved by the testimony of two witnesses or one witness and corroborating circumstances; that is, that the falsity of the statement of the accused must be shown to the jury beyond a reasonable doubt either by the testimony of two witnesses or by the testimony of one witness and by circumstances corroborating the testimony of such witness. The jury were so instructed fully and clearly, but we find in the record no sufficient showing to satisfy the requirement of the rule.

[8] In considering the question of the sufficiency of the evidence we cannot overlook the fact that the main witness for the prosecution virtually admitted that she entered into an agreement with appellant that she would testify falsely as to her employment, and it appears that in a certain deposition taken before Judge Busick she did actually depose that she wrote and gave receipts for money paid to her for services as nurse to Mrs. Phillips. The record also bears evidence to her forgetfulness and apparent reluctance to testify about certain important matters. However, she did state positively that she was not employed as such nurse or helper and that she did not assist Mrs. Phillips in her work in any manner at any time. Furthermore, she testified that during the time in question she was attending the high school and that her visits to the Phillips' home were made after school hours. Her credibility was, of course, for the jury to determine and we cannot say that she should have been disbelieved. But the only attempted corroboration was sought through the testimony of her mother, Mrs. Alice Robinson, who testified that she did not see any nurse employed at the Phillips home. Mrs. Robinson, though, visited there "just a little while" every week and she was not positive that she

went there even twice a week. Her opportunity for observation was therefore exceedingly limited and covered only a small part of the time in controversy. Her testimony is entirely consistent with the innocence of the accused and falls short of the statutory rule in reference to corroboration. Indeed, the claim of appellant was that the daughter, Lillian, helped Mrs. Phillips in the evening after school. In that he was corroborated by several witnesses, but for the prosecution there was no evidence whatever, except the testimony of Lillian, even tending to show that she was not thus employed at such periods. It is singular, indeed, that her mother was not interrogated as to where Lillian was during the evenings or whether she attended high school as claimed by her.

As illustrative of the rule in perjury cases we may refer to *People* v. *Smith,* 3 Cal. App. 68 [84 Pac. 452], and *People* v. *Woodcock,* 52 Cal. App. 412 [199 Pac. 565].

In the former, on a prosecution for burglary, Smith testified that on and during the entire night of the burglary, one Lopez was with him at his ranch house, at a distance of thirteen miles from the place of the burglary. In a subsequent prosecution for perjury in so testifying, Lopez testified that this evidence of the defendant was false. Other witnesses testified to having seen Lopez on the afternoon preceding and on the morning succeeding the night of the burglary at other places, and it was held that the testimony of Lopez was not sufficiently corroborated.

In the latter case it is held that the corroborating evidence must connect or tend to connect the defendant with the commission of the crime, and "corroborative evidence is insufficient where it merely casts a grave suspicion upon the accused, and it must not only show the commission of the offense and the circumstances thereof, but must also implicate the accused in it."

No doubt perjury is frequently committed and it should be discouraged in every legitimate manner, but the legislature in its wisdom has provided that there must be corroboration and it is not for the courts to relax this wholesome rule.

The judgment and order are reversed.

Finch, P. J., and Hart, J., concurred.