[Criminal No. 777. Filed June 20, 1932.]

[12 Pac. (2d) 284.]

CARL FLETCHER, Appellant, v. STATE, Respondent.

Mr. J. E. Russell and Mr. John A. McGuire, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. Renz L. Jennings, Assistant Attorney General, and Mr. Frank E. Flynn, County Attorney, for the State.

ROSS, J.—Carl Fletcher was convicted of perjury, and he appeals. It appears he was being tried in the superior court of Yavapai county for the crime of larceny and testified as a witness in his own behalf. On his cross-examination he was asked the question, "Did you ever go under the name of Walter A. Smith?" to which he gave a negative answer.

The above testimony is made the basis of the present charge of perjury against the appellant. Under the law, both statutory and common, the testimony upon which the charge of perjury is predicated must not only be false but it must be material. Sections 4546, 4547, Rev. Code 1928.

Counsel for appellant and the Attorney General agree that the only question to be decided is whether in the larceny trial it was material that the jury should know defendant had at some previous time gone under another name than his true name. The test of materiality is stated in 21 Ruling Case Law 259, § 7, to be:

"While it is necessary that the false testimony be material to the issue being tried or to the point of inquiry, it is not necessary that it be material to the main issue. The test is whether the statement made could have influenced the tribunal on the issue before it. It is sufficient if it is material to any proper matter of inquiry, and is calculated and intended to prop or bolster the testimony of a witness on some material point, or to support or attack the credibility of such a witness. It may be laid down as a general rule that any testimony which is relevant in the trial of a case, whether to the main issue or some collateral issue, is so far material as to render a witness who knowingly and wilfully falsifies in giving it guilty of perjury."

See, also, 48 C. J. 833, §§ 33, 34.

The fact that a witness has gone under an assumed name is relevant as bearing upon his credibility or the weight to be accorded his testimony. *State* v. *Sysinger*, 25 S. D. 110, Ann. Cas. 1912B 997, 125 N. W. 879; 28 R. C. L. 610, § 199. It is said in *People* v. *Patterson*, 64 Cal. App. 223, 221 Pac. 394:

" 'The matter sworn to need not be directly and immediately material. It is sufficient if it be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact by giving

weight or probability to the testimony of a witness testifying thereto, or otherwise.' *People* v. *Barry,* 63 Cal. 63; *People* v. *Senegram,* 27 Cal. App. 302, 149 Pac. 786; *People* v. *Phillips,* 56 Cal. App. 291, 205 Pac. 40.''

We think the information stated the offense of perjury and that the evidence submitted sustained the charge.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.