## STATE *v.* EUGENE SARGOOD.

October Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, and HASELTON, JJ.

Opinion filed December 3, 1907.

*Perjury—Indictment in Statutory Form—Sufficiency—Evidence —Record of Conviction—Force in Subsequent Trial for Perjury in Swearing to Innocence.*

An indictment for perjury in the form prescribed by V. S. 5417, Form 48, is sufficient, although it fails to allege by what court, magistrate, or person the oath to the respondent was administered on the occasion when the crime is alleged to have been committed.

It is not an element of the crime of perjury that when he gave the evidence in question the perjurer had knowledge of its materiality.

The general rule that the determination of an issue of fact in a criminal case is conclusive thereof in a subsequent criminal proceeding between the same parties, does not apply where the measure

of proof required in the adjudged case was not so great as that required in the case on trial.

The record of the conviction of a crime is not conclusive evidence against the respondent that he committed it, in his subsequent prosecution for alleged perjury in testifying on such former trial that he was innocent of that crime. To hold so might violate the rule that there can be no conviction of perjury on the uncorroborated testimony of a single witness.

*Quaere,* whether an acquittal of a crime is a conclusive adjudication in the respondent's favor in a subsequent prosecution for perjury committed in swearing to his innocence on the former trial.

INDICTMENT for perjury. Plea, not guilty. Trial by jury at the December Term, 1904, Bennington County, *Powers,* J., presiding. Verdict, guilty; judgment and sentence thereon. The respondent excepted. The respondent also filed a general demurrer to the indictment, in the ordinary form, signed by him by his attorney, and then added a statement, signed in like manner, setting down as causes of demurrer, "among others," only that in neither count of the indictment is it alleged "by what court, magistrate, or person, or by whom the oath to this respondent was administered when he is claimed to have committed the crime of perjury as set forth in each and every count, or that said court, magistrate, or person had competent authority to administer such or any oath. And also that said counts, and each of them, is and are in other respects uncertain, informal, and insufficient." Demurrer overruled, and indictment adjudged sufficient; to which the respondent excepted. That exception was ordered to lie.

*Batchelder & Bates,* and *D. A. Guiltinan* for the respondent.

The record of his conviction for poisoning the colts was not conclusive against the respondent that he did poison them, on his subsequent trial for perjury in swearing to his innocence. The test of whether a conviction is conclusive, if it ever is conclusive in the trial of criminal cases, is this: There must be a legal identity of the two offences. Could the respondent upon any evidence that might have been produced on the first trial have been convicted on that trial of the offence charged in the

second? *Com.* v. *Bakeman,* 105 Mass. 55. Though both indictments refer to the same transaction, this is not decisive of the legal identity of the two offences. *Com.* v. *Haines,* 11 Gray 308; *Com.* v. *Bubser,* 12 Gray 89; 2 Freeman on Judg. § 256 and cases cited. Here the two cases are entirely different. One was for poisoning colts, the other for perjury. The testimony in the first case to prove the poisoning was admissible in the case for perjury. But evidence in the first case that was admissible could not alone convict in the second. *Irvin* v. *State,* 7 Tex. 78; *Smith* v. *State,* 85 Ind. 553; *State* v. *Weber,* 76 Iowa 687; *Pierce* v. *State,* 10 Ohio 423; *Com.* v. *Trimmer,* 84 Pa. 65. The issue in the former trial was collateral to the real issue in this trial.

The former judgment should have been pleaded in order to be conclusive. *Isaacs* v. *Clark,* 12 Vt. 693; *Perkins* v. *Walker,* 19 Vt. 145; *Com.* v. *Cramer,* 39 Atl. 671; *Johnson* v. *People,* 55 N. Y. 513; *Metcalf* v. *Gilmore,* 63 N. H. 174; *Vaughn* v. *Morrison,* 55 N. H. 580; *Parker* v. *Russell,* 43 N. H. 625; *Wheeler* v. *Bancroft,* 18 N. H. 578; *Coville* v. *Gilman,* 13 W. Va. 314; *King* v. *Chase,* 15 N. H. 480; Herman on Estoppel, 541; *Wright* v. *Butler,* 6 Wend. (N. Y.) 284.

In order to convict the respondent in the perjury case it was necessary to establish the fact of the materiality of his testimony in the former case, and also to show its falsity, by competent evidence. That it was material there can be no question. He testified he did not poison the colts. The State must show he did. It did show it in the poisoning case, we must assume, by evidence competent so far as that case was concerned. But we cannot assume that it showed it by evidence sufficient to establish the fact in case of perjury. The rule that requires more than one witness to convict of perjury is founded on the principle that every man is presumed to be innocent until he is proven guilty; and until discredited the oath of a respondent must be considered as that of a creditable witness and have that effect. With but the testimony of one witness against his testimony the scales just balance, and enough evidence must be thrown into the side of the State, either by another witness or by material and independent circumstances, to weigh down the testimony of the respondent before he can be convicted. As before stated, it does not appear that more than one witness testified to material

facts on the part of the State in the poisoning case, or if it did appear, or it were to be assumed that more than one did testify, that does not signify. The jury may or may not have believed but one witness in the trial of that cause. In a trial for perjury the respondent has a right to have the court instruct the jury that one witness is not sufficient to convict, and that his testimony must be corroborated by witnesses that the jury believe, or by material facts or circumstances; and he had the further right to have the jury instructed as to what such corroborating testimony and circumstances were. Of this right he was wholly deprived under the ruling of the court excluding any evidence as to the guilt or innocence of the respondent in the poisoning case; and its denial of the right on the part of the respondent to introduce testimony showing that he did not poison the colts, was error. *Schwartz* v. *Com.,* 21 Am. Rep. 365; 3 Whart. Ev. § 2275; 1 Greenl. Ev. § 257 (13th ed.) ; *U. S.* v. *Wood,* 14 Pet. 440; *People* v. *Stone,* 32 Hun. 41; *McClerkin* v. *State,* 20 Fla. 879; *Graham* v. *State,* 16 Tex. App. 215; *People* v. *Davis,* 61 Cal. 536; *Williams* v. *Com.,* 91 Pa. St. 493, *Com* v. *Parker,* 2 Cush. 212.

The demurrer should have been sustained. All the essential facts, all of the ingredients of which the offence is composed, must be accurately and clearly expressed. The indictment does not set forth with sufficient certainty and clearness facts necessary to inform the accused of the crime charged against him. It does not meet the requirements of section 5083 of Vermont Statutes, or the requirements of the Constitution, nor the rules laid down by this Court. *U. S.* v. *Mann,* 95 U. S. 580; *State* v. *Rowell,* 70 Vt. 405; *State* v. *Estabrook,* 70 Vt. 412; *State* v. *Dow,* 74 Vt. 119.

The indictment should have been held bad on demurrer because it contained no averment that the proceedings were such where an oath was required by law to be taken. *State* v. *Rowell,* 70 Vt. 405; *People* v. *Fox,* 25 Mich. 497; *People* v. *Gage,* 26 Mich. 30.

*W. R. Daley,* State's Attorney, and *O. M. Barber* for the State.

The indictment is in the statutory form and is sufficient. *State* v. *Camley,* 67 Vt. 322; *State* v. *Corson,* 59 Me. 137.

The record of his conviction of poisoning the colts is conclusive against the respondent that he committed that crime, in any subsequent prosecution. *State* v. *Dewey*, 65 Vt. 196. In that case the Court said: "That the judgment of a court of competent jurisdiction directly upon a principal point, is, as between the parties, conclusive in relation to such point, though the purpose and subject matter of the two suits be different." There is no difference in principle between that case and the one at the bar. There, however, the doctrine of *res judicata* was invoked in favor of the respondent. For other cases holding the same doctrine see, *Cooper* v. *Com.*, 45 L. R. A. 216; *Coffey* v. *U. S.*, 116 U. S. 436, 29 L. R. A. 684; *State* v. *Waterman*, 87 Iowa 255; *People* v. *Allen*, 1 Parker Cr. R. (N. Y.) 445; *State* v. *Lang*, 63 Me. 215; *Com.* v. *Austin*, 97 Mass. 595; *Com.* v. *Evans*, 101 Mass. 25; *Com.* v. *Feldman*, 131 Mass. 588; *Com.* v. *Ellis*, 160 Mass. 165; 2 Van Fleet, Former Adjudications, 1246 and 1247.

Munson, J.    This is an indictment for perjury alleged to have been committed on an inquiry before the grand jury regarding the poisoning of certain colts, and upon the trial in county court of an indictment charging the respondent with poisoning them.    The respondent demurred to the indictment, showing for cause of demurrer that in neither of the counts is it set forth by what court, magistrate or person the oath to the respondent was administered on the occasion when the crime is alleged to have been committed.    The indictment follows the statutory form, and the statutory form is sufficient in this particular. *State* v. *Camley*, 67 Vt. 322.    This being the only point made in support of the demurrer in the court below, the other matters now suggested will not be considered. *State* v. *Schoolcraft*, 72 Vt. 223.

It is claimed that the court erred in permitting the jury to base a conviction upon certain statements made to the grand jury, inasmuch as it did not appear that the respondent knew what person or matter was being investigated, and so could not understand what statements had bearing or weight. We are referred to no authority, and have seen none, that treats knowledge of the materiality as an element of the crime.

It is objected that the court erred in instructing the jury that certain statements were material to the issue. It is clear that

all of them were statements that might properly have influenced the jury in reaching its conclusion, and this was sufficient. 2 Bish. Cr. Law, 3rd Ed. § 998.

It is charged that the respondent committed perjury in testifying on his trial for poisoning the colts that he did not poison them. The court held that the record of his conviction in that case was conclusive proof against him in this case that he did poison them. The respondent insists that this was error.

It has been repeatedly held that the determination of an issue of fact in a criminal case is conclusive thereof in a subsequent criminal proceeding between the same parties. 24 A. & E. Ency. Law, 2d Ed. 831; *Mitchell* v. *State*, 140 Ala. 118, 103 Am. St. 17 and note. The rule is commonly stated without recognizing any exception, but is to be taken with some limitations.

The few cases bearing upon the precise question before us are reviewed by Mr. Freeman in the note above cited. It has been held that a prior acquittal of an offence is a conclusive adjudication in the respondent's favor upon a subsequent trial for perjury committed in swearing to his innocence. *United States* v. *Butler*, 38 Fed. 498; *Petit* v. *Com.* 22 Ky. Law. 262; *Cooper* v. *Com.*, 106 Ky. 909; 90 Am. St. 275. There was a dissenting opinion in the case last cited, and there seems to be substantial ground for questioning these decisions. The reasoning amounts to this: The respondent procures an acquittal by his own perjury, and that acquittal is conclusive evidence that he did not commit perjury. But if the adjudication is not to be held conclusive in the respondent's favor, the ordinary rule of mutuality would require that it be not held conclusive against him. This may not follow, however, when the holding is placed upon the ground that the acquittal was procured by the respondent's fraud. It has been held in other cases that an acquittal is not an adjudication that the respondent did not commit perjury in denying his guilt. *State* v. *Caywood*, 96 Iowa 367; *Hutcherson* v. *State*, 33 Tex. Cr. 67. It is said in the case last cited, but without stating the grounds of the conclusion, that such evidence is not admissible to show either the guilt or the innocence of a defendant.

The rule under consideration does not apply unless the measure of proof required in the adjudged case was as great as that required in the case on trial. *Riker* v. *Hooper*, 35 Vt. 457. This alone will ordinarily prevent the application of the

rule when one case is civil and the other criminal. Freeman on Judg. § 319 a. Nor does the doctrine apply when the rules which determine the instruments of proof are different. 1 Green. Ev. § 537. The fact that a conviction may have been obtained by the testimony of the plaintiff is one of the reasons given for excluding proof of it in a civil action where the plaintiff cannot testify. *Quinn* v. *Quinn,* 16 Vt. 426; *Robinson* v. *Wilson,* 22 Vt. 35; *State* v. *Cazeaux,* 8 Mart. 318: 13 Am. Dec. 288. A difference of requirement regarding the instruments of proof is equally controlling where both cases are civil. Steph. Dig. Ev., Art. 41, (d.) We see no reason why this distinction should not be recognized when both cases are criminal. Whatever the amount of evidence ordinarily adduced, there is no rule that requires more than the evidence of a single witness in criminal cases generally. There can be no conviction of perjury on the uncorroborated testimony of a single witness. An application of the rule in cases like this might result in convictions upon less evidence than the law requires. This serves to distinguish cases of perjury from criminal cases generally, and renders the doctrine of *res judicata* inapplicable.

*Exceptions sustained, judgment and sentence reversed, and cause remanded.*