## No. 8895.

### THE PEOPLE *v.* HOWLAND.

1. GRAND JURY—*Latitude in Investigation.* The Grand Jury has greater latitude in the examination of witnesses than allowed in a trial before a petit jury. Their inquiry may extend to matters not admissible upon the trial of the indictment, and they are entitled to truthful answers.

2. PERJURY—*What Matters Material.* False testimony may be material, not only when connected with the main issue to which the inquiry is directed, but also when it may tend to establish any relevant fact, in the chain of proof.

The result, whatever it may be of the matter in which the falsification occurs does not excuse the falsifier.

One who, examined before the Grand Jury, swears falsely to any relevant fact, is guilty of perjury, even though the prosecution fails for lack of proof of another fact, and even though such other fact had no existence.

The accused, a member of the legislature, had received by messenger, while the house of which he was a member was in session, a package of money. He was interrogated before the Grand Jury as to the source of this contribution, and testified falsely. *Held,* that the materiality of the false testimony was in nowise dependent upon the subsequent action of the Grand Jury, or whether the accused was or was not party to the suspected bribery. To direct an acquittal, upon trial of indictment for the perjury was error.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Hon. FRED FARRAR, Attorney General, and Mr. W. B. MORGAN, Assistant Attorney General, for the People.

Mr. C. W. VARNUM and Mr. JOHN A. DEWEESE, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court:

DEFENDANT below, defendant in error here, was charged with perjury in certain testimony given by him before the grand jury. After presentation of the People's evidence the court, on motion, directed a verdict of not guilty. The People bring the cause here for review on a question of law, as to whether the alleged false testimony given was upon a material matter.

The circumstances under investigation by the grand jury were these: Defendant, a member of the legislature, while that body was in session and he in attendance, received by messenger a package of money. He was thereafter interrogated, under oath, before the grand jury, to discover whether the money had been delivered to him as a bribe, and in process of such examination he was asked from what source the money came. He stated that it had been sent to him from a certain individual, naming him, as payment for some farm products. Later, a legislative committee also was investigating the source of the money, and to this committee defendant admitted that his statement to the grand jury as to the source of the money was false, and gave them what afterwards proved to be the true statement of its origin. It conclusively appears that defendant received the money from an entirely different person, and for an altogether different purpose, than was stated by him to the grand jury. His statement before the grand jury, so far as it related to the source of the money and the reason for its receipt by him, was absolutely and unqualifiedly false.

The determination as to whether this false testimony was material in no wise depends upon the subsequent action of the grand jury in the matter, or whether defendant was party to a bribery. At that time the grand jury was investigating the source of the money, and the reason for its delivery to the defendant. In *Mackin v. The People,* 115 Ill. 312, 3 N. E. 222, the defendant was charged

with perjury in falsely testifying that he had not ordered or received certain spurious ballots which later were discovered mixed with genuine ballots in the ballot boxes. The court in discussing the materiality of this testimony said:

"Coming now to matters that more nearly affect the merits of the case, it is insisted that it was error in the court to instruct the jury, as it did, that in determining whether the matters sworn to were material to the matter or question under investigation by the grand jury it is not necessary for the People, upon the trial of the cause, to show that a crime had actually been committed. * * * It sufficiently appears from the averments of the indictment the offense the grand jury had been charged to investigate, and which they were attempting to do, was whether spurious ballots had been substituted for the genuine ballots. * * * That was an offense against public justice, and was within the province of the grand jury to investigate and to ascertain whether any such frauds had in fact been committed. It was equally important to ascertain no such fraud had been committed in regard to the election as to learn such fraud had in fact been committed. Any evidence that tended to establish either theory was material. * * * Such an investigation would be utterly futile, and even a farce, if witnesses might testify falsely, and no injury could be assigned to such corrupt and false testimony. * * * Their right to investigate did not depend upon the fact that the alleged crime they were about to investigate had actually been committed."

*State v. Faulkner,* 175 Mo. 546, 75 S. W. 116, was a case wherein perjury was predicated upon false statements given before the grand jury during the progress of a bribery investigation. The question as to what was material under the circumstances was discussed by the court:

"It is urged that defendant's knowledge of the fact (of the existence of a corruption fund) was wholly immaterial; that the only material thing was: Did the fact of bribery exist? The distinction thus sought to be made ignores the character of the tribunal before whom the oath was taken and the purpose of its institution in our system of criminal jurisprudence."

The court then quotes with approval from *State v. Schill*, 27 Iowa, 263, as follows:

"The grand jury is, by the law, endowed with all the powers and charged with all the duties of inquiring into all indictable offenses committed, or which may be tried within the county. Their duty is to *inquire*. They cannot tell in advance of inquiry whether in fact an offense had been committed or who committed it. They can only act upon testimony given under oath by witnesses produced, sworn and examined before them, or upon legal documentary proof. That perjury may be committed by willfully giving false testimony of a material character, before a grand jury, is evident, and is recognized by the statute."

And continuing, the Missouri court said:

"Necessarily, the grand jury has a greater latitude in examining a witness in such inquiry than a party would be allowed in a given case in open court. As was said in the Wakefield case, they are at liberty to inquire for evidence, to establish a charge, link by link, and are entitled to true answers."

In *State v. Turley*, 153 Ind. 345, 55 N. E. 30, which is cited with approval in *State v. Faulkner, supra*, it was held that:

"The duty of the grand jury is to 'diligently inquire,' to obtain 'legal evidence,' to discover and detect crime, and for that purpose they have the right to interrogate witnesses concerning all matters which may tend to accomplish that result. It is evident that the grand jury in making the investigation required by law, may require witnesses to testify concerning matters not admissible on the trial of a cause."

It is well established that false testimony may be material, not only when directly connected with the main issue, but also whenever it has a tendency to support or establish any relevant fact in the chain of proof. In *Wheeler v. People*, 63 Colo. —, 165 Pac. 257 (Colo.), this court held:

"Error is assigned because the court refused to direct

a verdict of not guilty on the ground that the alleged perjured testimony was immaterial. Perjured testimony to be material need not be directly to the main issue; if it has a tendency to prove any material fact in the chain of evidence, that makes it material. If it be substantially material, it is sufficient. 30 Cyc. 1419. The term 'material matter' refers not only to the main fact which is the subject of inquiry, but also to any fact or circumstances which tend to corroborate or strengthen the proof adduced to establish the main fact. *Thompson v. People,* 26 Colo. 496; 59 Pac. 51; *In re Franklin County,* 5 Ohio Dec. 691; *People v. Greenwall,* 5 Utah 112, 13 Pac. 89."

The result of the proceedings in which the false testimony was given does not affect the one who has sworn falsely. If he swears falsely to any relevant fact he is guilty of perjury, even though the case fall for lack of proof of another fact, and even though that other fact had no existence. 30 Cyc. 1419. At 30 Cyc. 1420, it is said:

"On an investigation before a grand jury of an alleged crime, any testimony tending to establish either that such crime has in fact been committed, or that it has not been committed, is material, and perjury may be assigned upon the testimony of a witness before that body which is wilfully false in respect to any fact tending to establish the commission of such crime."

In an inquiry by the grand jury the rule in respect to what is material is of necessity much broader than that governing the trial of a cause. The rule as applied to testimony before the grand jury is laid down in *State v. Sargood,* 80 Vt. 415, 68 Atl. 49, 130 Am. St. 995, 13 Ann. Cas. 367, as follows:

"False statements by a witness are sufficiently material to the issue to sustain a prosecution for perjury where the statements may probably have influenced the jury in reaching their conclusions."

The general rule may be stated to be that whatever testimony is relevant in a given case is so far material as to render one who has knowingly and wilfully testified

falsely in regard thereto guilty of perjury. *State v. Miller*, 26 R. I. 282, 58 Atl. 882, 3 Ann. Cas. 943, and Note, 945.

In the case at bar the grand jury were investigating the source of the money received by defendant. Any information relative to this source was, therefore, relevant and material, as from it the jury were to decide whether or not to indict, and if to indict, who was the proper party. The false testimony of defendant in relation thereto was, under the authorities and rule cited herein, material. To hold otherwise would be to limit the functions of the grand jury to an extent that, under many circumstances, would render that body powerless to properly perform its duties as a part of our system of jurisprudence.

It was error of law for the court to direct a verdict of acquittal.

Decision *en banc*.

Mr. Justice Scott not participating.