[Crim. No. 561.  Third Appellate District.—May 13, 1921.]

In the Matter of the Application of CHARLES H. BRAYNARD, etc., for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—PERJURY—FALSE TESTIMONY ON MOTION TO SET ASIDE PLEA TO MURDER CHARGE—MATERIALITY.—On the hearing of a motion for permission to withdraw a plea of guilty and to enter a plea of not guilty to a charge of murder on the grounds that the plea was induced by acts of personal violence on the part of a deputy district attorney and threats on the part of such official to turn the defendant over to a mob, false testimony of a witness that a party acting under the sheriff as an armed guard struck the defendant in the face with his fist while the defendant was handcuffed was material testimony making the witness guilty of perjury, since the issue was whether all the facts and circumstances formed a basis for such reasonable apprehension of violence as to force from defendant an involuntary plea of guilty.

APPLICATION for a Writ of Habeas Corpus to secure release under a commitment to answer a charge of perjury. Denied.

The facts are stated in the opinion of the court.

Martin I. Welsh, James T. Matlock and C. H. Braynard for Petitioner.

U. S. Webb, Attorney-General, J. Chas. Jones, Deputy Attorney-General, and Jesse W. Carter for Respondent.

FINCH, P. J.—This is an application of George Dewey Davis for a writ of *habeas corpus*.

The petitioner is in custody under a commitment from the justice's court holding him to answer on a charge of perjury.

The alleged false testimony is as follows: "That Leland Gipson, on or about the 12th day of January, 1921, at Kennett, in the county of Shasta, State of California, while Arthur Owen Davis was handcuffed, (did) strike said Arthur Owen Davis in the face with his fist, and that said George Dewey Davis was standing by the side of said Gipson at the time and saw said blow struck by said Gipson."

It is admitted that there was sufficient evidence of the falsity of the testimony and the ground urged in support of the application is that such testimony was not material to the matter before the court wherein it was given. To arrive at an intelligent understanding of the objection made, it is necessary to recite briefly the events leading up to the proceeding before the court.

One Arthur Owen Davis was arrested in Shasta County on a charge of murder, alleged to have been committed therein. On his arraignment in the superior court of that county he entered a plea of guilty and was by the court sentenced to be hanged. Thereafter, through his attorney, the defendant gave notice that he would move the court to set aside the judgment rendered against him and to permit him to withdraw his plea of guilty and to enter a plea of not guilty. The notice specified that the motion would be based upon the grounds, among others, that his plea of guilty was induced by "coercion, threats, fear, misapprehension, persuasion, promises, assurances," etc., and that at the hearing the defendant would rely upon his affidavit annexed to the notice, the record in the case and upon oral evidence to be produced at the hearing. In his affidavit the defendant states, among other things, that he was induced to enter his plea of guilty by "coercion, fear, misapprehension, persuasion, promises, assurances, inadvertence, ignorance," etc., "in the manner following, to wit." The defendant then proceeds to state that he was arrested and taken to the town of Kennett on January 12, 1921; that while there in a room and handcuffed, L. E. Smith, a deputy district attorney of the county, called the defendant a vile name and threatened to shoot his head off if he did not plead guilty; that at that time Smith exhibited a gun, handed the defendant a bullet, placed his right hand toward his hip pocket and assumed a threatening attitude toward the defendant and said, "I will give you your choice; you can plead guilty and we will take you down the road and give you protection or we will turn you over to the mob"; that Smith then hit defendant in the face with his fists, violently pulled him to and fro by his clothes, and said, "I will give you two minutes to plead guilty"; that Smith then looked at his watch and said, "I will give you a minute and a half; now you have just one

minute"; that the defendant, fearing he would be injured by Smith and turned over to the mob, said, "Yes, I am the man that shot Reives and that is my gun"; that Smith then said to defendant, "If you don't plead guilty in court, I am going to sit behind you and am going to blow your head off"; that the defendant was taken to the county jail at Red Bluff, where Smith told him that a mob was coming from Redding and he was then taken to Oroville and from there to Sacramento; that the defendant was arraigned in the superior court of Shasta County on the twentieth day of January, and that during · arraignment Smith appeared in court.

The Leland Gipson referred to in the testimony alleged to be false seems to have been acting under the sheriff, though not a sworn deputy. He was armed and apparently acting as a guard. The petitioner in his testimony given on the hearing of the motion in the murder case stated that Gipson struck Arthur Owen Davis after the latter had confessed to the murder, but it was eight days before the arraignment and plea of guilty in the superior court.

[1] Was the testimony material? The notice and affidavit tendered the issue that at the very time of his arraignment he believed, and had reasonable cause to believe, that he would suffer violence at the hands of Smith or of a mob if he did not plead guilty. The notice and affidavit constituted the defendant's pleading. They shaped the issues and limited the inquiry to the issues so framed. The affidavit further, and not improperly, stated facts in support of the issue tendered, facts which are, some of them at least, evidentiary. Such affidavits not only form a part of the defendant's pleading but are admissible as evidence in support of his motion. In so far as the affidavit states merely evidentiary matter it does not limit the scope of the inquiry. The issue was whether the defendant reasonably feared violence at the hands of Smith or a mob. All the facts and circumstances tending to throw light on that subject were admissible in evidence. The question was whether such facts and circumstances, when considered together, formed a basis for such reasonable apprehension of violence as to force from the defendant an involuntary plea of guilty. (*Alexander* v. *State,* 20 Wyo. 241, [Ann. Cas. 1915A, 1282, 123 Pac. 71].) The state of his mind at the

time he entered his plea was the fact to be ascertained. Was he probably influenced by the alleged conduct and threats of Smith? The question must be determined from his treatment at the hands of the officers and others and the protection or lack of protection thrown around him. A threat against a prisoner in the hands of officers faithfully discharging their duty of protecting him would not have the significance of the same threat against him where the officers were faithless to such duty. If, after striking and threatening a handcuffed prisoner, a sworn officer of the law willingly permits another, in his presence, to attack the prisoner, such conduct would reasonably tend to prove that there was danger of the threats being carried into execution. The testimony of the petitioner was clearly material to the matter under investigation by the court. "The matter sworn to need not be directly and immediately material. It is sufficient if it be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact by giving weight or probability to the testimony of a witness testifying thereto, or otherwise." (22 Am. & Eng. Ency. of Law, 687; *People* v. *Senegram*, 27 Cal. App. 303, [149 Pac. 786]; *People* v. *Metzler*, 21 Cal. App. 82, [130 Pac. 1192]; *People* v. *Barry*, 63 Cal. 63; 21 R. C. L. 259; *State* v. *Sargood*, 80 Vt. 415, [130 Am. St. Rep. 995, 13 Ann. Cas. 367, 68 Atl. 49].) "The ordinary test of materiality is whether the testimony given could have probably influenced the tribunal before whom the case was being tried, upon the issue involved therein. If it tended so to do it was material, and the degree of materiality is of no importance. . . . It may be laid down as a general rule that any testimony which is relevant in the trial of a given case is so far material to the issue as to render a witness who knowingly and willfully falsifies in giving it guilty of the crime of perjury." (*State* v. *Miller*, 26 R. I. 282, [3 Ann. Cas. 943, 58 Atl. 884]; *State* v. *Moran*, 216 Mo. 550, [115 S. W. 1130]; *Ex parte Metcalf*, 8 Okl. Cr. 605, [44 L. R. A. (N. S.) 513, 129 Pac. 680]; *Coleman* v. *State*, 6 Okl. Cr. 252, [118 Pac. 594].)

In the petitioner's closing brief, filed herein May 11th, it is suggested that the complaint does not allege that the testimony given was material. It cannot be said that the complaint wholly fails to allege facts showing that the

testimony set out was material and this proceeding cannot serve the office of a demurrer or appeal. (*In re Johnson*, 6 Cal. App. 734, [93 Pac. 199]; *In re Kaster*, 185 Cal. 647, [198 Pac. 1031].)

The prayer of the petition is denied and the writ is discharged.

Hart, J., and Burnett, J., concurred.