[Crim. No. 867.   Third Appellate District.—December **7**, **1925**.]

## THE PEOPLE, Respondent, v. KISHAN CHAND, Appellant.

[1] CRIMINAL LAW — PERJURY — MATERIALITY OF TESTIMONY.—In a prosecution for perjury, the matter sworn to need not be directly and immediately material, but it is sufficient if it be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact by giving weight or probability to the testimony of a witness testifying thereto, or otherwise.

[2] ID.—EVIDENCE—RELEVANCY.—Any testimony which is relevant in the trial of a given case is so far material to the issue as to render a witness who knowingly and wilfully falsifies in giving it guilty of the crime of perjury.

---

(1) 30 Cyc., p. 1417, n. 50, p. 1419, n. 55.   (2) 30 Cyc., p. 1419, n. 59 New.

1. See 20 Cal. Jur. 1013; 21 R. C. L. 259.
2. See 20 Cal. Jur. 1013.

APPEAL from a judgment of the Superior Court of San Joaquin County. C. W. Miller, Judge. Affirmed.

The facts are stated in the opinion of the court.

Honey & Lawson for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of perjury. This appeal is from the judgment.

The information charges that the defendant, in a civil action in which he was plaintiff and Joseph Taylor was defendant, gave false testimony as follows: "Q. Mr. Chand, at the time you gave to Mr. Taylor the two drafts that you testified about, did you receive from him another paper? A. No, sir; nothing. Q. Isn't it a fact that he gave you a Bill of Sale? A. No, sir; never. Q. Isn't it a fact that Mr. Taylor, in his office, gave you a Bill of Sale? A. Never; he took me to his back room and received two drafts, one $500.00 and the other $400.00 and got me to endorse. Q. And you testified that you did not receive any Bill of Sale? A. Nothing, sir, and nobody was there, and he received the two drafts in his back room. Q. Do you know a man by the name of J. C. Williams? A. I never been acquainted with him. Q. Don't you know, as a matter of fact, that you took Mr. Williams to the office of Mr. Taylor, the defendant, and you instructed him to make the Bill of Sale in Mr. Williams name? A. I never been acquainted with that party." The complaint and answer in the civil action were introduced in evidence. The defendant stipulated that "they are the complaint and answer in that action" and that, at the trial thereof, the defendant herein was duly sworn as a witness and gave the testimony set out in the information.

The complaint so introduced alleged that the defendant in that action was indebted to the plaintiff therein "for money had and received from said plaintiff in the sum of one thousand seventy-five dollars to and for the use of plaintiff." The answer denied the allegations of the com-

plaint and alleged that "as agent and broker for one Marie Smith, defendant . . . sold to plaintiff for the agreed price of $1000 the contents, that is to say, furnishings then and there in and upon the premises then and there owned by the said Marie Smith, and known as the Queen Rooming House . . . in the city of Stockton. . . . At the time and place of the making of the said sale, as alleged, plaintiff made a deposit . . . in the sum of $200. . . . On September 8th, 1924, the balance of the purchase money in the sum of $800 was paid to defendant by plaintiff, and an additional sum of $75 was paid at the same place and time by plaintiff to defendant as an adjustment on rentals due from tenants of the 'Queen.' At the said time and place . . . defendant delivered to plaintiff a bill of sale covering the property just purchased, signed by the said Marie Smith of the said premises to plaintiff; that defendant at all times acted for and on behalf of his principal, the said Marie Smith, in the said transaction, and not for plaintiff."

It is not contended that the evidence herein is insufficient to show that the testimony admittedly given by defendant is false, but appellant urges that there is no evidence tending to show that such testimony was material in the trial of the civil action. Appellant says: "There is nothing in the record which would disclose whether or not a demurrer had ever been interposed or sustained to the answer; no showing as to whether or not a motion to strike the answer or a portion of it from the files had been made or granted; no showing that the trial was had upon the issues raised by the affirmative matter set forth in the answer." The defendant's stipulation that the complaint and answer admitted in evidence "are the complaint and answer in that action" clearly relates to the complaint and answer upon which the action was tried. Had a demurrer to the answer been sustained or any part thereof stricken out, or had the answer been superseded by a subsequent pleading, then such answer would not have been the "answer in that action" at the time the stipulation was made. The answer admitted the receipt by the defendant in that action of the amount of money alleged in the complaint therein. The issue in the action was whether such money was received by defendant for the use of the plaintiff or in payment of the pur-

chase price of the personal property described in the answer. Evidence of the delivery to and acceptance by the plaintiff in that action of a bill of sale of such personal property at the time the money was delivered to the defendant therein would certainly tend to show that the money was given in payment of the purchase price of the property and not for the use of the plaintiff as alleged in the complaint. The testimony set out in the information, therefore, was material to the issues raised by the pleadings in the civil action. [1] "The matter sworn to need not be directly and immediately material. It is sufficient if it be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact by giving weight or probability to the testimony of a witness testifying thereto, or otherwise." (22 Am. & Eng. Ency. of Law, 687; *People* v. *Patterson,* 64 Cal. App. 223, 229 [221 Pac. 394]; *People* v. *Phillips,* 56 Cal. App. 291, 293 [205 Pac. 40]; *In re Braynard,* 52 Cal. App. 631, 634 [199 Pac. 576].) [2] "Any testimony which is relevant in the trial of a given case is so far material to the issue as to render a witness who knowingly and willfully falsifies in giving it guilty of the crime of perjury." (*State* v. *Miller,* 26 R. I. 282 [3 Ann. Cas. 943, 58 Atl. 882, 884].)

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.