STATE of Maine

v.

Steven LUNNEY.

Supreme Judicial Court of Maine.

April 24, 1979.

John E. Welch, Dist. Atty., Richard L. Rhoda, Asst. Dist. Atty. (orally), Houlton, for plaintiff.

Jordan & Goodridge by Donald H. Goodridge, (orally) Houlton, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

The appellant Steven Lunney was indicted on November 3, 1976, for the crimes of tampering with a witness[1] and perjury.[2] At a jury-waived trial in Superior Court, he was convicted of both charges and sentenced to imprisonment for two and one-half years. The appellant seeks reversal of both convictions, contending, among other things, that the indictments were invalid and that the evidence was insufficient to sustain either conviction. We sustain the appeal, holding the indictment for tampering insufficient to sustain the conviction for tampering and holding the evidence insufficient to support the conviction for perjury.

The record reveals the following facts: On September 29, 1976, appellant testified as a defense witness in the trial of *State of Maine v. Frederick Tompkins,* a prosecution for assault and battery and threatening communication. Appellant's testimony in the Tompkins trial included statements that on the evening of September 9, 1975, he had gone to "Bear Hill" in Easton with several other persons, including Frederick Tompkins, Steven Mills, Raymond Holmes, and Tony Robbins. He testified that the people on Bear Hill talked with one another and drank a few beers and that Tompkins and Steven Mills engaged in normal conversation.

In the evening after appellant gave his testimony, Tony Robbins received a subpoena to testify on behalf of Frederick Tomp-

---

1. The indictment for tampering with a witness was brought under the version of 17–A M.R.S.A. § 454 in effect under P.L.1975, ch. 499. Since appellant was tried, section 454 has been amended. P.L.1977, ch. 510, § 54, effective October 24, 1977.

2. The indictment for perjury was brought under 17–A M.R.S.A. § 451 (Supp.1978). That section has not been changed since it was amended by P.L.1975, ch. 740, §§ 61, 62, effective May 1, 1976.

kins at the same trial. The next morning, Tony Robbins rode to court with the appellant and Raymond Holmes. Lunney related to Robbins what he had said as a witness the day before, and Robbins concluded that he should testify to the same effect. Accordingly, upon examination as a defense witness, Robbins at first gave testimony similar to that given the day before by appellant, including a statement that he had been present himself at Bear Hill.

Later that day, on rebuttal examination by the State, Robbins retracted his earlier testimony and said that although he had been riding in Steven Mills's car, which was one of the two cars that started for Bear Hill on the evening in question, he had been left off in town and had not accompanied the group to Bear Hill. In response to leading questions by the prosecutor, Robbins said that appellant had "told him" what to say. However, his entire testimony indicates that he had not given his false testimony as a result of any request by appellant or any promise or threat by appellant.

The appellant was indicted for both perjury and tampering with a witness. At appellant's trial, on October 19, 1977, Walter Osgood and Wilfred Tompkins testified that on the evening of September 9, 1975, they saw Tony Robbins in Steve Mills's car, that Robbins left the car and joined them, and that they did not go to Bear Hill with him that evening. Steven Mills then testified that he was "the same Steven Mills who was involved in an incident with Frederick Tompkins that took place on September 9, 1975 in Easton." Mills stated that Tony Robbins had left with Walter Osgood and Wilfred Tompkins before Mills himself accompanied Frederick Tompkins, Steven Lunney, Raymond Holmes, and others to Bear Hill, and that at no time did he see Robbins at Bear Hill.

Tony Robbins then testified that he was a witness in the trial of Frederick Tompkins "on two counts of high and aggravated assault and battery, one count of threatening communication, back on September 30, 1976." Robbins identified the appellant as the person who had testified in the Frederick Tompkins trial and who had discussed Robbins's testimony with him in the car on the way to the trial. Robbins stated that he had been with Steven Mills early in the evening of September 9, 1975, but had left Mills and joined Walter Osgood and Wilfred Tompkins before Mills and Frederick Tompkins went to Bear Hill. Robbins said that at no time during the evening had he gone to Bear Hill and that he knew nothing about what had occurred on the hill until appellant Lunney described his own testimony a year later in the car on the way to Frederick Tompkins's trial. Again, Robbins replied in the affirmative to the prosecutor's question whether appellant had told him to testify to the same story Lunney himself had presented. Again, his later responses made it unclear what he meant by that reply.

The complete record and transcript of the Frederick Tompkins trial were not introduced in evidence. Only the testimony of the defense witnesses, namely, Robbins, Holmes, and the appellant, was presented to the Superior Court in the present case.

## I. Indictment for Tampering with a Witness

Appellant Lunney was indicted for "tampering with a witness" under 17–A M.R.S.A. § 454, which provided at the time, in pertinent part, as follows:

"1. A person is guilty of tampering with witness or informant if, believing that an official proceeding as defined in section 451, subsection 5, paragraph A, or an official criminal investigation, is pending or will be instituted:

A. He attempts to induce or otherwise cause a witness or informant

(1) to testify or inform falsely . . .."

The indictment of appellant for tampering charged only as follows:

"That on or about September 30, 1976, in Houlton, Aroostook County, Maine, Steven Lunney did, believing that an official proceeding was in progress, to wit, the criminal trial of the State of Maine ver-

sus Fred Tompkins before the Superior Court of the County of Aroostook, cause a witness to testify falsely."

The appellant moved seasonally to dismiss the tampering indictment on several grounds, among them that it did not state the name of the witness or describe in what respect the witness was alleged to have testified falsely. The record does not disclose what action the trial court took on the motion. Because the insufficiency of an indictment to charge a criminal offense is regarded by this Court as a jurisdictional defect, we must consider the appellant's renewed challenge to the indictment on this appeal. State v. Porter, Me., 384 A.2d 429, 433 (1978). Except by innuendo, the indictment does not even aver that the Tompkins trial was the official proceeding in which defendant caused the witness to testify. Also, the indictment charges defendant with "causing," rather than attempting to cause, the witness to testify falsely. As the statute provided "on or about September 30, 1976," the crime of tampering was defined only as a crime of attempt, a crime requiring specific intent. More seriously, the indictment in question does not contain sufficient allegations of the essential facts to inform the appellant adequately of what acts he had committed that constituted the offense charged. For the reasons we set forth in State v. Charette, 159 Me. 124, 126, 188 A.2d 898, 899–900 (1963), one charged with crime has the constitutional right to demand that the charge be set forth with such particularity as will indicate with a reasonable degree of precision the offense with which he is charged. The indictment of appellant neither identifies the witness whom the appellant is charged with causing to testify falsely nor describes in what respect he testified falsely. A defendant cannot defend adequately against a charge of causing false testimony to be given by a witness without knowing in what respect the witness is alleged to have testified falsely. The indictment in this case should have identified the witness and alleged in what respect he testified falsely in the Tompkins trial.

Appellant's judgment of conviction for tampering with a witness must be vacated for insufficiency of the indictment.

## II. Sufficiency of the Evidence

At the close of the state's case, the defendant moved for a "directed verdict" of acquittal on the ground that the state had produced insufficient evidence to support convictions for tampering with a witness and for perjury. The defendant renews this contention on appeal. Because we have determined that the tampering indictment is defective and requires dismissal, we do not address the sufficiency of the evidence to support the tampering conviction. With respect to the perjury conviction, we find that the state's evidence was inadequate on the crucial element of materiality and sustain the defendant's appeal from that conviction. It becomes unnecessary for us to address the sufficiency of the evidence on the other elements of perjury.

The statute defining the crime of perjury (17–A M.R.S.A. § 451) provides, in pertinent part, as follows:

"1. A person is guilty of perjury if he makes:

A. In any official proceeding, a false material statement under oath or affirmation . . . and he does not believe the statement to be true . . . ."

The indictment for perjury charged appellant as follows:

"That on or about September 30, 1976, in Houlton, Aroostook County, Maine, Steven Lunney did, in an official proceeding, namely, a criminal trial before the Superior Court of Aroostook County in the case of the State of Maine versus Frederick Tompkins, an action for two counts of High and Aggravated Assault and Battery and one count of Threatening Communication, make a false material statement under oath that Tony Robbins went with him and others to Bear Hill in Easton and stayed there with them for no more than an hour and said Defendant did not believe the statement to be true."

The burden was on the state to prove beyond a reasonable doubt every ele-

ment of the offense of which the defendant was accused. *State v. Davis*, Me., 384 A.2d 45, 47 (1978). One of the essential elements of the crime of perjury which must be proved by the state is the materiality of the false statement. The perjury statute provides a concise definition of materiality:

" 'Material' means capable of affecting the course or outcome of the proceeding."

17–A M.R.S.A. § 451(5)(B) (Supp.1978). The statute designates the question of materiality as a question of law for the court, 17–A M.R.S.A. § 451(2) (Supp.1978). The common law rule was similar. *See State v. True*, 135 Me. 96, 102, 189 A. 831, 835 (1937).

■ We find that in this case the state did not introduce in evidence enough of the record and testimony in the prior proceeding to inform the trial court in what respect the assigned testimony became material. The trial court could have found, on the evidence before it, that during the trial of Frederick Tompkins the appellant testified falsely "that Tony Robbins went with him and others to Bear Hill in Easton and stayed there with them for no more than an hour," as charged in the perjury indictment. The state did not introduce any evidence at all showing the materiality of that statement to any issue in the Tompkins trial or how it could affect the course or outcome of that proceeding. The only testimony from the Tompkins trial that was introduced in evidence on appellant's trial was the transcript of the testimony of the defense witnesses, namely, Tony Robbins, Raymond Holmes, and appellant. That evidence is insufficient to prove the materiality of the appellant's statement to that proceeding.

From the record in the present case and from the transcript of the testimony of the defense witnesses in the Tompkins trial, it appears that Frederick Tompkins was on trial for assault and battery and making a threatening communication. His acts that gave rise to those charges apparently occurred on Bear Hill on the night in question, September 9, 1975, when the appellant and a number of other people were on the hill. The victim of Tompkins' alleged assault seems to have been Steven Mills, who

testified at the trial of the present case that he was "the same Steven Mills who was involved in an incident with Frederick Tompkins that took place on September 9, 1975 in Easton." During the Tompkins trial the appellant Lunney testified that Tony Robbins was among the people on Bear Hill on the night of September 9, 1975, and that nothing unusual occurred between Fred Tompkins and Steven Mills.

The indictment against appellant for perjury charged only that the portion of appellant's testimony concerning the presence of Tony Robbins constituted perjury. During the trial below, the prosecution focused solely on the alleged falsity of the statement that Tony Robbins was present. The state did not charge, nor did it attempt to prove, that the defendant's other testimony, that nothing unusual between Tompkins and Mills had occurred on Bear Hill, constituted perjury. If the state had charged that this statement was perjurious, one could perhaps infer that appellant's testimony went to the substance of the charge against Tompkins, and the trial justice might then have found it material to the criminal charges against Tompkins as "capable of affecting the course or outcome" of the Tompkins trial. But the state made no such charge. It was the materiality of the appellant's testimony that Tony Robbins was on Bear Hill that the state was required to prove under the indictment.

■ At the trial, on a motion by appellant for a "directed verdict" of acquittal, the state took the position that the appellant's testimony that Tony Robbins was on Bear Hill tended to impeach the testimony of Steven Mills, who, the prosecutor asserted, had been a witness for the state in the Tompkins trial. However, apart from the prosecutor's own statement, there is nothing in the record of appellant's trial from which it can be inferred that Mills gave any testimony at all in the Tompkins trial, let alone that he gave testimony contrary to that of appellant with regard to the presence of Robbins on Bear Hill. There was no evidence whatever before the court as to what Steven Mills testified to in the Tomp-

**764**

kins trial or even that he testified at all. The partial transcript of the Tompkins trial, containing only testimony of the defense witnesses, did not contain testimony by Mills or any reference to such testimony. Mills's own testimony in the appellant's trial contained no reference to his having testified at the Tompkins trial; he merely testified that he had been involved in an incident at Bear Hill on the night of September 9, 1975, and that Tony Robbins had not been present.

Although the evidence may support a finding that appellant testified falsely, it is insufficient as a basis for applying the state's theory of materiality. The state failed to present evidence to show that Steven Mills gave testimony in the Tompkins trial or that his testimony was inconsistent with that of appellant. The state could not remedy the deficiency after all the evidence was in, by alleging such facts during argument on the appellant's motion for acquittal. No evidence whatever had been presented to show that appellant's statement that Tony Robbins was not on Bear Hill could affect the course or outcome of the Tompkins trial. The trial court erred by not granting the motion for acquittal on the perjury charge.

The entry is:

Appeal sustained.

Judgment of conviction for tampering with a witness (CR–76–580) vacated; remanded for dismissal of the indictment.

Judgment of conviction for perjury (CR–76–581) reversed with direction to enter a judgment of acquittal.

NICHOLS, J., did not sit.